# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 464 - 6 | **DATE** | 3/10/2004 |
| **CASE TITLE** | USA vs. CHARLES STATES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to suppress and request for a hearing [240-1] is denied with prejudice as to defendant's Sixty Amendment claim and without prejudice as to his Fifth Amendment claim. Defendant is allowed 21 days to resubmit his motion on Fifth Amendment grounds so long as it is supported by specific, detailed facts which, if proven at a hearing, would entitle him to relief.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 12 2004 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/10/2004 | |
| | | | date mailed notice | |
| CG | courtroom deputy's initials | 2004 MAR 11 AM 11:35 | CG | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | 02 CR 464-6 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| CHARLES STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Charles States' motion to suppress his post-arrest statements and request for an evidentiary hearing. For the following reasons, the motion is denied with prejudice as to States' Sixth Amendment claim and without prejudice as to his Fifth Amendment claim.

## Background

In May 2002, a criminal complaint was filed charging States and others with participation in a drug conspiracy. These charges stemmed from a series of alleged events including numerous kidnapings of drug dealers and suspected drug dealers. The defendants allegedly interrogated their victims as to the whereabouts of their drugs and money, threatened them, and in some cases, severely beat them. Arrest warrants were issued in connection with these charges and, by early October 2002, States remained a fugitive.

Around midnight on the morning of October 9, 2002, agents of the Federal Bureau of Investigation ("FBI") and officers of the Chicago Police Department ("CPD") went to an apartment on 79th Street in Chicago where they had reason to believe States lived. Two FBI

1

agents and three CPD officers entered the building and proceeded to a third floor apartment. They allegedly knocked on the door and announced that they were law enforcement officers. Receiving no response, one of the officers began to strike the door with a sledgehammer.

States claims he did not hear the officers' announcement prior to hearing the front door being rammed. He allegedly looked outside, but saw no police cars. Fearing gang members were invading his home, States retrieved a gun and fired several times through the front door. The officers returned fire. During the crossfire, States heard shouts of "FBI." He then threw two guns out the window and allegedly tried to open the door, which was jammed.

The police kicked in the door and arrested States. On the way to the station, States claims he invoked his "right to remain silent" and indicated that he "wanted a lawyer." (Mot. at ¶ 5.) Neither Defendant's motion nor the Government's response mentions whether States had any further contact with law enforcement overnight.[1] States alleges he was first advised of his *Miranda* rights the following afternoon, about twelve hours after he was arrested. At that time, States executed a waiver and agreed to give a statement. States acknowledged, among other things, his participation in some of the kidnapings set forth in the complaint.

In December 2002, an indictment was returned charging States and others with racketeering, weapons, drug and violent offenses. The indictment also charged States with offenses relating to the shots he fired at the FBI agents and CPD officers during his arrest. States now moves to suppress his post-arrest statements, alleging they were obtained in violation of his

---

[1] States' motion asserts that sometime after his arrest and prior to his statement, his mother contacted a lawyer. The attorney allegedly called the Assistant United States Attorney assigned to the case, who refused to discuss the matter unless and until the attorney had been retained. There is no allegation, however, that States initiated or was even aware of his mother's actions. Further, the attorney apparently was never retained.

2

Fifth and Sixth Amendment rights. He has also requested an evidentiary hearing.

## Discussion

A defendant who seeks to suppress evidence must make a prima facie showing of illegality. *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992). Vague, conclusory allegations are insufficient. Rather, a defendant must set forth "definite, specific, detailed, and non-conjectural" facts that, if proven, would justify relief. *Id.* (quoting *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986)). Further, these facts must be material, and they must be disputed. *Id.*

States asserts that while en route to the police station he "invoked his right to remain silent" and upon arrival at the station "indicated that he wanted a lawyer." (Mot. at ¶ 5.) About twelve hours later, States was given a standard *Miranda* warning, after which he waived his rights, submitted to questioning, and made some incriminating statements. According to States, these statements were obtained in violation of his Fifth and Sixth Amendment rights.

Defendant's motion must be denied because it contains nothing more than vague, conclusory allegations. For instance, defendant claims he "invoked his right to remain silent" and "indicated that he wanted a lawyer" prior to being questioned. However, defendant did not spell out what he said or did to invoke his rights. In addition, defendant fails to specify who initiated the conversation which ultimately led to him making an incriminating statement. Both issues are crucial to a determination of whether defendant's Fifth Amendment rights were violated, yet are noticeably absent from defendant's motion. *See Smith v. Illinois*, 469 U.S. 91, 95 (1984); *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). Without specific, detailed facts that could amount to a Fifth Amendment violation, defendant is not entitled to a hearing. Thus,

3

defendant's Fifth Amendment claim is denied without prejudice.

Defendant also asserts that prior to his interrogation, he "was not advised that he had already been indicted, nor was he given any admonishments concerning his Sixth Amendment right to counsel." (Mot. at ¶ 2.) The Sixth Amendment right to counsel attaches only after the initiation of adversarial proceedings "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 689 (1972). Adversarial proceedings do not commence on the issuance of an arrest warrant. *United States v. Knowles*, 2 F. Supp. 2d 1135, 1144 (E.D. Wis. 1998); *United States ex rel. Dove v. Thieret*, 693 F. Supp. 716, 720 (C.D. Ill. 1988). A criminal complaint was filed and an arrest warrant issued prior to States' arrest and interrogation, however he did not make an initial appearance until the following day and was not indicted until more than two months later. Under these circumstances, defendant cannot show his right to counsel attached prior to the interrogation, therefore there can be no Sixth Amendment violation. Accordingly, the motion is denied with prejudice as to States' Sixth Amendment claim.

## Conclusion

For the foregoing reasons, defendant's motion to suppress and request for a hearing is denied with prejudice as to defendant's Sixth Amendment claim and without prejudice as to his Fifth Amendment claim. Defendant is allowed 21 days to resubmit his motion on Fifth Amendment grounds so long as it is supported by specific, detailed facts which, if proven at a hearing, would entitle him to relief.

SO ORDERED.   ENTERED: 3/10/04

HON. RONALD A. GUZMAN
United States Judge