# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 464 - 6 | **DATE** | 7/14/2004 |
| **CASE TITLE** | USA vs. CHARLES STATES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: This Court agrees with the facts and law set forth by the Magistrate Judge and finds States' objections to be without merit. Accordingly, the Report and Recommendation is hereby approved and adopted in its entirety and defendant's motion to suppress [294-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUL 16 2004 date docketed | | |
| ✓ | Docketing to mail notices. | | | 332 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| CG courtroom deputy's initials | | 2004 JUL 15 PM 4:54 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) 02 CR 464-6 |
| v. | ) Judge Ronald A. Guzmán |
| CHARLES STATES, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Michael T. Mason held a hearing on defendant Charles States' motion to suppress his post-arrest statements and issued a report recommending that the motion be denied. The Magistrate Judge resolved all credibility issues in favor of the law enforcement witnesses and came to the conclusion that States was not subjected to custodial interrogation prior to being given his *Miranda* rights, thus, no Fifth Amendment violation occurred.

States filed objections to the Report and Recommendation, arguing that the Magistrate Judge erred in finding the government witnesses' testimony more credible than his own testimony. This Court must make a *de novo* determination as to portions of the report to which objections are made. 28 U.S.C. § 636(b)(1). A district court can make credibility determinations based on the record developed by the magistrate. A *de novo* hearing is not required. *United States v. Raddatz*, 447 U.S. 667 (1980). Upon review of the Report and Recommendation, defendant's objections, the government's response, and all other pleadings relating to the motion to suppress, this Court finds no basis for disagreeing with the Magistrate Judge's credibility

1



determinations.[1]

Next, States' objected to the finding that no custodial interrogation took place until after he waived his *Miranda* rights. The objection is based on States' testimony that he was questioned by an officer while he was sitting in the squad car, prior to being *Mirandized*. States could not recall any specific questions asked by the officer. Accordingly, even if the Magistrate Judge believed States' testimony, he would have been at a loss to determine if the alleged conversation amounted to an interrogation. Further, the Report and Recommendation points out that officers Cruz and Flores testified that no one questioned States while he was in the squad car. The Magistrate Judge found the law enforcement officers' side of the story to be credible and this Court agrees with that determination. Therefore, this objection also fails.

Finally, States also objected to the conclusion that his statements were voluntary. He claims they were involuntary because he was kicked in the head during his arrest. As pointed out in the Report and Recommendation, States waived this argument by not bringing it up until now. In any event, the Court agrees with the Magistrate Judge's reading of *Watson v. Detella*, 122 F.3d 450, 454 (7th Cir. 1997), and finds that the alleged kick could not render States' later confession involuntary.

This Court agrees with the facts and law set forth by the Magistrate Judge and finds States' objections to be without merit. Accordingly, the Report and Recommendation is hereby

---

[1] The Court has not reviewed a transcript of the hearing as defendant did not provide a copy, or any portion thereof, in support of his objections.

approved and adopted in its entirety and defendant's motion to suppress is denied.

**SO ORDERED.**  ENTERED: 7/14/04

*Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**United States Judge**