**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | )<br>)<br>) | **No. 02-cr-464-6** |
| v. | )<br>) | **Judge Ronald A. Guzmán** |
| **CHARLES STATES,** | )<br>) | |
| Defendant. | )<br>) | |

## ORDER

The Court denies Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) [663].

## STATEMENT

On October 3, 2005, a jury found Defendant guilty of the following crimes:

- Racketeering (18 U.S.C. § 1962(c))
- Racketeering conspiracy (18 U.S.C. § 1962(d))
- Possession with intent to distribute a controlled substance (21 U.S.C. § 841(a)(1))
- Conspiracy to possess with intent to distribute a controlled substance (21 U.S.C. § 846)
- Extortion (18 U.S.C. § 1951)
- Possession of a firearm in relation to a drug trafficking crime or crime of violence (18 U.S.C. § 924(c))
- Possession of firearms with obliterated serial numbers (18 U.S.C. § 922k)
- Attempt to kill a federal officer (18 U.S.C. §§ 1113, 1114)
- Assaulting, resisting, or impeding certain officers (18 U.S.C. §§ 111(a)(1), (b)).

Defendant was accordingly sentenced to *three* terms of concurrent life imprisonment for racketeering, racketeering conspiracy, and drug conspiracy, an additional 57 years for possessing

a firearm in relation to a drug trafficking crime or crime of violence, as well as further terms of imprisonment for the remaining crimes (to be served consecutively to his other sentences).

Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), claiming that Amendment 782, which lowered the base offense levels for certain drug offenses, reduced his applicable sentencing range. *See* U.S.S.G. Supp. app. C., amend. 782. The Court disagrees.

In relevant part, Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "[he] has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." In so doing, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under Section 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor,* 778 F.3d 667, 672 (7th Cir. 2015).

Here, Defendant is not entitled to a reduction in sentence for two separate but equally compelling reasons: (1) Defendant's requested relief, if granted, would not change the applicable guideline range for his sentence; and (2) even if it did, the Court would exercise its discretion and decline to reduce his sentence because of the seriousness of his crimes and the likelihood that he would pose a danger to the public if released.

First, with respect to his Guideline range, the government contends, and Defendant does not challenge, that his total offense level for non-drug offenses was 42, and his criminal history category was I — resulting in a guideline range of 360 months-life. Thus, even assuming Defendant is entitled to a two point reduction for his drug crimes, he would still be facing the same guideline range as he did initially, which precludes relief under 18 U.S.C. § 3582(c). *See Taylor*, 778 F.3d 667, 672 (7th Cir. 2015) ("The 'sentencing range' that must have been changed to permit relief under § 3582(c)(2) is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence.")

Second, and more fundamentally, the Court does not believe a reduction in Defendant's sentence is warranted given the severity of his crimes, and the Seventh Circuit has made clear that "a section 3582(c)(2)modification is discretionary, even for a defendant whose Guideline range has been retroactively lowered." *United States v. Cunningham*, 554 F.3d 703, 707 (7th Cir. 2009); *see also United States v. Marion*, 590 F.3d 475, 477 (7th Cir. 2009) ("The decision to reduce a defendant's sentence under § 3582(c)(2) is within the district court's discretion."). In exercising that discretion, courts must be mindful of the factors listed in 18 U.S.C. § 3553(a), the defendant's conduct while imprisoned, and the risk that his early release would pose a danger to public safety. *United States v. Johnson*, 580 F.3d 567, 570 (7th Cir. 2009).

In that respect, while Defendant states in his motion that he has made considerable efforts to better himself while in prison, including drug counseling and obtaining a GED, the fact remains that Defendant tried to murder someone, a federal officer no less. And this is separate and apart from the eleven other serious counts of which Defendant was found guilty, which include drug trafficking, kidnapping, violence, killing a dog, robbery, and the list goes on. The Court therefore remains steadfast in its conclusion that Defendant poses a danger to the public

and that the appropriate term of imprisonment under 18 U.S.C. § 3553 is life in prison. Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 is therefore denied.

One final note: Defendant suggests in his reply brief/addendum that part of his sentence — the additional 57 years for possessing a firearm in violation of 18 U.S.C. § 924(c) — is invalid under the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). While this challenge will not ultimately reduce his sentence, since the sentence under Section 924(c) was *in addition* to the life sentences he was given for racketeering and related conduct, Defendant may (technically) have a valid *Johnson* claim. But a Section 3582 motion is not the proper vehicle to collaterally attack a sentence; rather, Defendant must file a petition under 28 U.S.C § 2255. *See Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015). If Defendant decides to pursue that route, he is advised that because he has previously filed a Section 2255 petition, he would first need to seek permission from the Seventh Circuit to file a second one prior to seeking relief in this Court.

## **CONCLUSION**

The Court denies Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) [663].

**SO ORDERED.**                                     **ENTERED: July 8, 2016**

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**