IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CHARLES STATES, Defendant. | Case No. 02-CR-464-6 Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Defendant Charles States seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [813]. For the reasons herein, this Court grants States' motion for compassionate release.

**I.  Background**

The following facts are adapted from the Seventh Circuit opinions affirming States' original sentence, *United States v. States*, 652 F.3d 734 (7th Cir. 2011), and subsequent resentencing in 2023, *United States v. States*, 72 F.4th 778 (7th Cir. 2023).

In July and August of 2001, States served a two-month stint in the Carman Brothers Crew in and around Chicago. The Crew, infamous for its widespread drug trafficking, employed States as an "enforcer" to conduct kidnappings, robberies, and extortion. *States*, 652 F.3d at 737. States help kidnap four individuals in the summer of 2001. *Id.* In May 2002, the Government obtained an arrest warrant for State and five other members of the Crew. *Id.* On October 9, 2002, FBI agents and Chicago police officers arrived at States' apartment to execute the warrant. *Id.* States

1

responded by firing five gunshots through the door, wounding a police officer's hand. *Id.*

On December 18, 2002, a grand jury returned a multi-count indictment against States. [1]. A superseding indictment was filed against States and his co-defendants on March 26, 2003. [100]. States was named in 12 counts relating both to his participation in the drug conspiracy as well as his conduct during his arrest: racketeering, in violation of 18 U.S.C. § 1962(c) (Count One); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count Two); conspiracy to possess a controlled substance with intent to distribute it, in violation of 21 U.S.C. § 846 (Count Three); two counts of possessing a controlled substance with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) (Counts Four and Seven); extortion, in violation of 18 U.S.C. § 1951 (Count Five); three counts of possessing a firearm in relation to drug offenses or crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Six, Eight, and Ten); possession of firearms with obliterated serial numbers, in violation of 18 U.S.C. § 922(k) (Count Twelve), attempting to kill a federal agent, in violation of 18 U.S.C. § 1113 and 1114 (Count Nine), and assaulting a federal officer, in violation of 18 U.S.C. § 111(a)(1) & (b) (Count Eleven).

On October 18, 2005 a jury found States guilty on all counts except Count Six, which was vacated. [487]. The Court sentenced States at the top of the guidelines to three concurrent terms of life in prison and a consecutive term of 57 years for violations of 18 U.S.C. 924(c)(1)(A). [510]. The Seventh Circuit affirmed States'

conviction and sentence. *United States v. States*, 242 F. App'x 362 (7th Cir. 2007) (per curiam).

States filed a petition under 28 U.S.C. §2255 to vacate, set aside, or correct his sentence, arguing ineffective assistance of counsel. [562]. The Court vacated and reimposed States' sentence to allow him a second direct appeal. *United States v. States*, 09-cv-0053, ECF No. 9 (N.D. Ill. Mar. 30, 2010). The Seventh Circuit once again affirmed the sentence. *States*, 652 F.3d 734. In 2016, the Seventh Circuit granted States leave to file a successive § 2255 petition challenging two of his § 924(c) convictions as unconstitutionally vague under *Johnson v. United States*, 576 U.S. 591 (2015). *States v. USA*, 16-3146 (7th Cir. Sept. 8, 2016). This Court then granted States' motion with respect to the § 924(c) conviction predicated on extortion and denied the motion with respect to the other § 924(c) conviction predicated on attempted murder. *United States v. States*, 16-cv-08778, ECF. No. 29 (N.D. Ill. June 26, 2019). Thereafter the Court conducted a full resentencing and handed down a total sentence of 30 years, one term of 20 years for substantive counts and two consecutive terms of 5 years for the two remaining § 924(c) counts. [784]. The Seventh Circuit affirmed the new sentence, *States*, 72 F.4th 778, and denied rehearing. *United States v. States*, 22-1477, 2023 WL 5432933 (7th Cir. Aug. 23, 2023).

States now moves for compassionate release pursuant to the First Step Act, arguing that his diagnosis of State IV metastatic cancer is a "serious and advanced illness with an end-of-life trajectory" that qualifies as an "extraordinary and compelling reason" under 18 U.S.C. §3582(c)(1)(A)(i). [813]. The Government agrees

3

that States presents an "extraordinary and compelling reason," but opposes compassionate release based on the § 3553(a) sentencing factors.

**II.    Standard of Review**

Under 18 U.S.C. § 3582(c)(1)(A), this Court may grant a defendant's motion to reduce their term of imprisonment after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* The parties do not dispute that States has properly exhausted his administrative rights.

Once a defendant has exhausted their administrative remedies, the Court's consideration of a motion for compassionate release proceeds in two steps. *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022). First, the defendant must identify an extraordinary and compelling reason warranting a sentence reduction. *Id.*; *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021). If this Court finds such reasons exist, it must then weigh any applicable factors in 18 U.S.C. § 3553(a) to determine whether to reduce a sentence. *Peoples*, F.4th at 840; *United States v. Sarno*, 37 F.4th 1249, 1253 (7th Cir. 2022).

District courts use sentencing guidelines promulgated by the U.S. Sentencing Commission to assess what constitutes as an extraordinary and compelling reason. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). On April 27, 2023, the U.S. Sentencing Commission submitted proposed amendments to Section 1B1.3 of the guidelines, updating its policy statement to cover prisoner-initiated motions for

4

compassionate release. U.S. Sentencing Comm'n, *Adopted Amendments (Effective November 1, 2023)*, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. Those amendments went into effect on November 1, 2023.

### III. Analysis

#### a. States Establishes an "Extraordinary and Compelling Reasons"

The 2023 amendments to the guidelines define "extraordinary and compelling reasons" to include terminal illnesses, or "a serious and advanced illness with an end-of-life trajectory." U.S.S.G. § 1B1.13(b). The guidelines also clarify that "[a] specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required" and provides examples such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.* This provision focuses on the gravity of the illness alone; considerations for the defendant's capacity to provide self-care while incarcerated or the facility's resources for long-term care are housed in other provisions.

States is suffering from metastatic Stage IV spindle cell carcinoma, which he shows is such an illness with an end-of-life trajectory. [813]. After he broke his right femur in September 2023, doctors detected a cancerous lump on the same leg. *Id.* at 3-4; *see also* [816]. The cancer then metastasized to his liver and lungs. *Id.* States' condition was so severe that prison administrators at FCI-Greenville, where States was housed, transferred him to a local hospital in St. Louis for specialized treatment. *Id*; [821] at 1. There, by September 2023, doctors determined that States' late-stage

5

cancer boded a "poor prognosis with metastatic disease," and that any further chemotherapy treatment would only be palliative, "not curative." [816] at 1-2. In February 2024, the BOP transferred States to FCI Butner, a dedicated medical facility. [837] at 45. States is now continuing with palliative care at FCI Butner. *Id.* at 18-19.

There is no dispute that States is dying. While States has shown some response to the palliative treatment, [837] at 5, records from physicians at two medical facilities indicate that he will never achieve full recovery. States is now largely bedridden, able only to move around by wheelchair, and expresses general weakness, fatigue, and an inability to perform daily tasks. *Id.* at 9. His cancer will eventually lead to his death. The Court thus finds that States' late-stage cancer qualifies as an "extraordinary and compelling reason."

### b. The Section 3553(a) Factors Weigh in Favor of a Sentence Reduction

The Court must now weigh whether the Section 3553(a) factors favor States' early release. The nature and circumstances of the offense weigh heavily on the Court. States operated as an enforcer for the Carman Brothers Crew. *States*, 652 F.3d at 737. Among other tasks, he carried out directives from his superiors in the drug trafficking conspiracy, including kidnapping four individuals through violent means. *Id.* States' actions at the time of his arrest are even more egregious—the shots he fired could have killed or more seriously injured the arresting officers on the scene. *Id.* The Court acknowledges the anger and pain of the victims and their families,

6

particularly as States has received previous sentence reductions in his sentence due to legal rulings.

On the other hand, the Court in considering the seriousness of the offense must acknowledge that States' time in the Crew was short-lived, spanning just two months. *States*, 72 F.4th 778. His previous criminal record was not significant, resulting in a criminal history category I at sentencing. [699] at 21-27. And since his conviction, States avers, he has renounced his gang membership, obtained his GED degree, and maintained a consistent diet of work and programming to rehabilitate himself. [813].

Ultimately, States' dire health condition tips the scales towards release. Further incarceration is not needed to incapacitate States, to protect the public or to deter him from future offenses. States will spend the remainder of his life as he has spent the last seven months—bedbound and under palliative care at his mother's home. [813] at 4; [836]. As for general deterrence, the power of that message was delivered in nearly 20 years ago, in 2005, when States was sentenced to three life sentences and a consecutive 57 years on the gun charges. The Court can imagine little impact on deterrence by a reduction in the already reduced period of incarceration based on a terminal cancer diagnosis.

With good time, Mr. States is required to serve 24.75 years according to his counsel. He has served 21 of those years. That represents a significant term of imprisonment.

There is no doubt that States' conduct twenty years ago was grave. He has been punished for it. To impose further incarceration on States in his debilitated

7

condition would be greater than necessary to serve the purposes of punishment set forth in § 3553(a)(2).

### IV. Conclusion

For the stated reasons, this Court grants Charles States' motion for compassionate release, [813], and finds him eligible for a reduced sentence under 18 U.S.C. § 3852 (c)(2). States' motion for a substantive and/or status hearing [842] is denied as moot. States is to be given six days' notice of his release to allow his family to prepare transportation. He is to report to the probation department within 48 hours of his release.

E N T E R:

Dated: April 26, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge